UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRECK KESHAUN DUNCAN,<br><br>                      Plaintiff,<br><br>               -against-<br><br>SOUTH CAROLINA,<br><br>                      Defendant. | 1:24-CV-4725 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Derreck Keshaun Duncan, of Orangeburg, South Carolina, brings this *pro se* action in which he sues the State of South Carolina. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of South Carolina.

## DISCUSSION

The applicable venue provision for this action can be found at 28 U.S.C. § 1391(b), which provides that a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues the State of South Carolina, which resides within the District of South Carolina. *See* 28 U.S.C. § 121 (South Carolina constitutes one federal judicial district). He also alleges that the events that are the bases for his claims occurred within the State of South Carolina. (ECF 1, at 4.) Thus, from the face of the complaint, it is clear that venue is not proper in this Court under either Section 1391(b)(1) or (2), and that, under both of those provisions, the United States District Court for the District of South Carolina is the proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, venue lies in the United States District Court for the District of South Carolina. *See* § 1391(b)(1), (2). In the interest of justice, this Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of South Carolina. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 28, 2024
             New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge